J-A04044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAWAN D. EASON | : | |
| | : | |
| Appellant | : | No. 726 MDA 2025 |

Appeal from the PCRA Order Entered May 9, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002206-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAWAN D. EASON | : | |
| | : | |
| Appellant | : | No. 727 MDA 2025 |

Appeal from the PCRA Order Entered May 9, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002207-2020

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: JANUARY 28, 2026**

Jawan D. Eason ("Eason") appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

For purposes of this appeal, a detailed recitation of the facts is not necessary.  Briefly, in 2020, the Cumberland County Drug Task Force began

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

an investigation into Eason and Tawana Carr ("Carr"), his paramour, for suspected drug activity. During the course of their investigation, police enlisted a confidential informant ("CI") to purchase crack cocaine from the pair on two separate occasions. Soon after the CI's second such successful purchase, police obtained and executed a search warrant on Eason's residence, whereupon they recovered: numerous baggies, some of which contained marijuana; digital scales; a substance found by Eason's toilet that police believed to be crack cocaine; drug paraphernalia with cocaine residue; a loaded 9mm Luger firearm; and various forms of ammunition, including a box of 9mm Luger bullets. Incidental to this search, police additionally recovered a loaded 9mm pistol magazine from the center console of Eason's vehicle.[2]

Following their recovery of the above items, police arrested Eason and, in doing so, retrieved $4,300.00 from his right-front pocket. The Commonwealth then charged Eason with multiple crimes at two separate dockets. Specifically, at docket number CP-21-CR-0002206-2020, the Commonwealth charged Eason with persons not to possess firearms,

---

[2] As police located these items, Eason spoke to police privately following the waiver of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). During this conversation, Eason confessed that he knew of the firearm in the residence and that he flushed drugs down the toilet in his bathroom. Additionally, while still in the presence of police, Eason and Carr also attempted to bargain with each other about who should be charged with which offense, with Eason ultimately stating to police he would "take all of the drug charges if [they] charg[ed] [Carr] with the gun." N.T., 3/28/22, at 67.

tampering with evidence, possession of a controlled substance—cocaine, possession of drug paraphernalia, and possession of a controlled substance—small amount of marijuana. At docket number CP-21-CR-0002207-2020, the Commonwealth additionally charged Eason with two counts each of delivery of a controlled substance—cocaine, and criminal use of a communication facility.

To assist Eason with his defense, the trial court initially appointed Arla M. Waller, Esquire, ("Attorney Waller") as counsel. Notably, aside from filing multiple continuance motions, Attorney Waller did not file any substantive pretrial motions while representing Eason, including any motion to suppress the evidence obtained by police following their search of Eason's residence. Eason thereafter replaced Attorney Waller with private counsel, who filed an omnibus pretrial motion challenging the legality of the warrant used by detectives to conduct their search, and requesting the trial court suppress the evidence seized from Eason's home. The trial court subsequently denied the motion as untimely.[3]

Eason proceeded to a consolidated jury trial on both dockets, at the conclusion of which a jury convicted him of each of the above-listed offenses.

---

[3] Pursuant to our rules of criminal procedure, a defendant must file an omnibus pretrial suppression motion within thirty days of his arraignment. *See* Pa.R.Crim.P. 579(A). Accordingly, a defendant's failure to timely file this motion results in the waiver of his suppression claim. *See* Pa.R.Crim.P. 581(B).

On May 24, 2022, following the preparation of a pre-sentence investigation report, the trial court sentenced Eason to an aggregate term of six to twelve years' incarceration.[4]  On January 29, 2025, this Court affirmed Eason's judgment of sentence.  **See Commonwealth v. Eason**, 334 A.3d 408 (Pa. Super. 2024) (unpublished memorandum).  Eason thereafter had thirty days from this date in which to seek review by the Pennsylvania Supreme Court.

Within this thirty-day period, on February 24, 2025, Eason filed a *pro se* PCRA petition.  The PCRA court quashed Eason's petition as premature, explaining that he filed it while his direct appeal was still pending such that he was still within the time to seek review by our Supreme Court.[5]

Nonetheless, the PCRA court appointed counsel in the event Eason did not pursue his direct appeal any further.  After the thirty-day period had closed without Eason seeking further review, and his judgment of sentence became

_____

[4] Eason did not file a direct appeal.  Instead, on June 3, 2022, in lieu of a direct appeal, Eason filed a *pro se* PCRA petition.  The PCRA court appointed counsel, who ultimately filed an amended PCRA petition seeking to reinstate Eason's direct appeal rights *nunc pro tunc* because trial counsel had failed to file an appeal at Eason's request.  The PCRA court reinstated Eason's direct appeal rights *nunc pro tunc*, and he filed a direct appeal at each docket. However, this Court dismissed Eason's appeals for failure to file an appellate brief.  Eason subsequently filed another *pro se* PCRA petition, again seeking the reinstatement of his appellate rights.  The PCRA court then granted Eason's subsequent PCRA petition, reinstated his direct appeal rights *nunc pro tunc* at both dockets, and appointed PCRA counsel as appellate counsel.  **See** Order, 1/9/24, at 1.

[5] It is well-settled that a PCRA petition may not be filed while a direct appeal in the same case is pending.  **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000).

final, PCRA counsel filed a PCRA petition incorporating the issues that Eason had sought to raise in his premature petition; namely, that Attorney Waller was ineffective for not filing an omnibus pretrial motion to challenge the search warrant, as the probable cause was insufficient and should have been challenged. The PCRA court conducted a hearing on the petition, and on May 9, 2025, entered the underlying order denying it. Eason filed a timely notice of appeal,[6] and both he and the PCRA court complied with Pa.R.A.P. 1925.

Eason raises the following issue for our review: "Whether the [PCRA] court erred in denying [his] PCRA petition where he presented by a preponderance of the evidence that had [Attorney Waller] filed a motion to suppress[,] it would have been granted." Eason's Brief at 4.

Our standard of review of an order denying a PCRA petition is well-settled:

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

---

[6] Although we observe that Eason failed to file separate notices of appeal at each docket number, as required by **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), this Court has since resolved the procedural error by issuing an order consolidating the two dockets on appeal. **See** Order, 7/8/25, at 1.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Eason's sole issue on appeal concerns whether his trial counsel rendered ineffective assistance. In assessing a claim of ineffective assistance under the PCRA, we presume that counsel has rendered effective assistance. *See Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021). To overcome the presumption, the petitioner must show that:

> (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different.

*Id*. (citation and quotation marks omitted). The petitioner must satisfy all three prongs of this test to obtain relief under the PCRA, and the failure to satisfy any one of these prongs will result in the rejection of their ineffectiveness claim. *See id*.

Relevantly, our Supreme Court has instructed that where a PCRA petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014); *see also Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that an appellant's "brief must support the claims with pertinent discussion, with references to the record and with citations to legal

authorities" and that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant"); Pa.R.A.P. 2119(a) (providing that for each question to be argued, the appellant's brief shall include a discussion and citation to pertinent authorities).

Preliminarily, we note that although Eason identifies the three prongs of the ineffectiveness test in his brief, he does not provide meaningful discussion for each of them. While Eason provides some discussion pertaining to the arguable merit prong of the ineffectiveness test, he provides no meaningful discussion with citation to pertinent legal authority for the reasonability and prejudice prongs of the ineffectiveness test.. Indeed, the only argument that Eason puts forth in relation to the reasonability prong is a single conclusory statement that Attorney Waller "had no reasonable basis for failing to file [a suppression] motion." Eason's Brief at 8. Similarly, the only argument that Eason advances to support the prejudice prong is another conclusory statement that Attorney Waller's "failure to file [a suppression] motion caused [him] prejudice." *Id*. at 25. Consequently, because Eason fails to meaningfully discuss **each** of the three prongs of the ineffectiveness test, he is not entitled to relief, and we are constrained to find his ineffectiveness claim waived. **See Fears**, 86 A.3d at 804; **see also Reid**, 259 A.3d at 405; **Hardy**, 918 A.2d at 771. Thus, we affirm the PCRA court's order denying his PCRA petition. **See Ford**, 44 A.3d at 1194.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/28/2026